HELEN K. LAPCHAK, Appellant, *v.* S. F. BAKER et al., Defendants, and ROBERT C. HARDY et al., Respondents.

Argued May 18, 1948; decided July 16, 1948.

*William E. Haudek* for appellant. I. Section 61-b of the General Corporation Law as applied to this case, deprives both the plaintiff and her corporation, Barium, of their property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States and sections 1 and 6 of article I of the Constitution of the State of New York. (*Pritchard* v. *Norton*, 106 U. S. 124; *Graham & Foster* v. *Goodcell*, 282 U. S. 409; *Koral* v. *Savory, Inc.*, 276 N. Y. 215; *Thorne* v. *Brand*, 277 N. Y. 212; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Edwards* v. *Kearzey*, 96 U. S. 595; *Angel* v. *Bullington*, 330 U. S. 183; *Brinkerhoff-Faris T. & S. Co.* v. *Hill*, 281 U. S. 673; *Gilman* v. *Tucker*, 128 N. Y. 190; *Ettor* v. *Tacoma*, 228 U. S. 148; *Truax* v. *Corrigan*, 257 U. S. 312; *Chicago N. Ry. Co.* v. *Nye Schneider Fowler Co.*, 260 U. S. 35; *Life & Cas. Ins. Co.* v. *McCray*, 291 U. S. 566.) II. Section 61-b

denies to plaintiff the equal protection of the laws, in violation of the Fourteenth Amendment of the Constitution of the United States and of section 11 of article I of the State Constitution. (*Everett* v. *Phillips*, 288 N. Y. 227; *Frost* v. *Corporation Comm.*, 278 U. S. 515; *Quaker City Cab Co.* v. *Pennsylvania*, 277 U. S. 389; *Asbury Hospital* v. *Cass County*, 326 U. S. 207.) III. Section 61-b, as applied to this case, denies full faith and credit to the Public Acts of the State of Delaware, in violation of section 1 of article IV of the Constitution of the United States and of the due process clauses of the Federal and State Constitutions. (*Cantor* v. *Sachs*, 18 Del. Ch. 359; *Graybar Elec. Co.* v. *New Amsterdam Cas. Co.*, 292 N. Y. 246; *International Text Book Co.* v. *Connelly*, 206 N. Y. 188; *Venner* v. *New York Central & H. R. R. R. Co.*, 160 App. Div. 127, 217 N. Y. 615; *Magnolia Petroleum Co.* v. *Hunt*, 320 U. S. 430; *State Farm Mut. Automobile Ins. Co.* v. *Duel*, 324 U. S. 154; *Pink* v. *A. A. A. Highway Express, Inc.*, 314 U. S. 201; *Alaska Packers Assn.* v. *Industrial Acc. Comm.*, 294 U. S. 532; *Home Ins. Co.* v. *Dick*, 281 U. S. 397; *Sioux County* v. *National Sur. Co.*, 276 U. S. 238; *Pollitz* v. *Gould*, 202 N. Y. 11; *Aetna Life Ins. Co.* v. *Dunken*, 266 U. S. 389.) IV. Defendants' contention that because plaintiff took this appeal directly from Special Term, the constitutional validity of section 61-b must be determined as an abstract proposition, without reference to the particular facts of this case, cannot be sustained. (*Alabama State Federation of Labor* v. *McAdory*, 325 U. S. 450; *Dahnke-Walker Milling Co.* v. *Bondurant*, 257 U. S. 282; *Nashville, C. & St. L. Ry.* v. *Walters*, 294 U. S. 405; *Dartmouth College* v. *Woodward*, 4 Wheat. [17 U. S.] 518; *Kansas P. R. R. Co.* v. *Atchison, T. & S. F. R. R. Co.*, 112 U. S. 414; *Gibbes* v. *Zimmerman*, 290 U. S. 326; *Jacobus* v. *Colgate*, 217 N. Y. 235.)

*Mark F. Hughes, Walter E. Godfrey, William F. Martin, Nelson Gammans, Raymond C. Murphy* and *Ralph A. Gerra* for respondents. I. Section 61-b does not violate the due process clause. (*Clarke* v. *Deckebach*, 274 U. S. 392; *People* v. *Griswold*, 213 N. Y. 92; *Matter of Stubbe* v. *Adamson*, 220 N. Y. 459; *Gibbes* v. *Zimmerman*, 290 U. S. 326; *Stuart* v. *Palmer*, 74 N. Y. 183; *Jones* v. *Union Guano Co.*, 264 U. S. 171; *Life & Cas. Ins. Co.* v. *McCray*, 291 U. S. 566; *Fay* v. *New York*, 332 U. S.

261; *National Bondholders Corp.* v. *Joyce,* 276 N. Y. 92; *Swan* v. *Mutual Reserve Fund Life Assn.,* 155 N. Y. 9; *Fearon* v. *Treanor,* 272 N. Y. 268; *Hanfgarn* v. *Mark,* 274 N. Y. 22; *Williams* v. *Mayor,* 289 U. S. 36.) II. Section 61-b does not violate the equal protection clause. (*Gibbes* v. *Zimmerman,* 290 U. S. 326; *Rapid Transit Corp.* v. *New York,* 303 U. S. 573; *Bayside Fish Co.* v. *Gentry,* 297 U. S. 422; *People* v. *Beakes Dairy Co.,* 222 N. Y. 416; *Matter of Williams* v. *Walsh,* 289 N. Y. 1; *West Coast Hotel Co.* v. *Parrish,* 300 U. S. 379; *Middleton* v. *Texas Power & Light Co.,* 249 U. S. 152; *Central Lumber Co.* v. *South Dakota,* 226 U. S. 157; *Rosenthal* v. *New York,* 226 U. S. 260.) III. Section 61-b does not violate the full faith and credit clause. (*Matter of Clark,* 184 N. Y. 222; *Stuart* v. *Palmer,* 74 N. Y. 183; *Aetna Life Ins. Co.* v. *Dunken,* 266 U. S. 389; *New York Life Ins. Co.* v. *Head,* 234 U. S. 149; *Kentucky Co.* v. *Paramount Exchange,* 262 U. S. 544; *Langfelder* v. *Universal Laboratories,* 293 N. Y. 200.) IV. Sections 64 to 68 of the General Corporation Law are constitutional.

LOUGHRAN, Ch. J. This action was brought by a stockholder of the corporate defendant to recover in its behalf damages alleged to have been caused by acts of waste and mismanagement committed by the individual defendants as its officers and directors. On motion by the corporate defendant, the court at Special Term directed the plaintiff to file a surety company bond in the sum of $25,000 (or an equivalent pledge) to secure the corporate defendant " for the reasonable expenses, including attorneys' fees, which may be incurred by said defendant in this action and for which it may become subject pursuant to the provisions of Article 6-A of the General Corporation Law ".

In an affidavit submitted in opposition to that motion, counsel for the plaintiff said that their client was " not prepared to furnish security " and at their request the court in its order made a further direction that this action be dismissed. Judgment dismissing the action as to all the defendants was accordingly entered and the plaintiff then appealed directly to this court as in a case " where the only question involved on the appeal is the validity of a statutory provision of the state * * * under the constitution of the state or of the United States ". (See Civ. Prac. Act, § 588, subd. 4.) On the basis of the jurisdiction thus

invoked, an attack is now made by the plaintiff upon the constitutionality of the provisions of the General Corporation Law under which the Special Term entered its order.

The motion of the corporate defendant for that order was founded upon section 61-b of article 6 of the statute. It is thereby provided: " 61-b. *Security for expenses.* In any action instituted or maintained in the right of any foreign or domestic corporation by the holder or holders of less than five per centum of the outstanding shares of any class of such corporation's stock or voting trust certificates, unless the shares or voting trust certificates held by such holder or holders have a market value in excess of fifty thousand dollars, the corporation in whose right such action is brought shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney's fees, which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which it may become subject pursuant to section sixty-four of this chapter, to which the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action. The amount of such security may thereafter from time to time be increased or decreased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate or is excessive."

These words of section 61-b are to be read in connection with article 6-A of the statute which the Special Term cited in its order. Sections 64 to 68 of that article in substance provide that any director, officer or employee of a corporation who shall defend himself successfully in an action brought in the right of the corporation, is entitled to have the corporation reimburse him for reasonable litigation expenses, including attorneys ' fees, actually and necessarily incurred by him in his defense of the action.

Taken together, the cited sections mean this: In a stockholders' derivative action, the plaintiffs — unless they represent at least 5% of the corporation's shares or an aggregate of its shares having a value in excess of $50,000 — must give security for the reasonable litigation expenses, including attorneys' fees, of all parties joined as defendants in the action. This plaintiff represents less than 5% of the outstanding stock

of the corporate defendant and less than $50,000 worth of its shares and thus the present case is within the scope of the statutory provisions in question.

The first issue is one in respect of the powers of this court. As we have already observed, the case comes here on a direct appeal from a court of original jurisdiction and so the constitutionality of the challenged statute is the only question that we can determine. Because of that state of the case, counsel for the defendants insist that we cannot consider the reasonableness of the amount of the security which the Special Term ordered the plaintiff to furnish. They say : " The very limited and narrow question before this Court is whether the Legislature could constitutionally confer upon the Supreme Court the power to require security in any amount, however small or reasonable, in an action of this kind ".

In reply to that contention, counsel for the plaintiff say: " Defendants' argument confuses the ' reasonableness ' required by § 61-b with the ' reasonableness ' required by the due process clause of the Constitution  *  *  *.  The $25,000 security actually required from plaintiff is so large as to be prohibitive and hence, we say, unreasonable. This is the precise due process question before the Court ". In that view, however, the asserted constitutional question would not have originated in the challenged statute itself but in a determination by the Special Term of a matter of fact, i.e., the amount of security properly to be required, — an issue which the plaintiff chose not to present to the Appellate Division. A question so arising cannot be considered or determined by this court on a direct appeal. (N. Y. Const., art. VI, § 7, subd. [2] ; cf. Cohen on Powers of the New York Court of Appeals, pp. 165, 166.) Thus the only issue that is here open to review is whether section 61-b is unconstitutional because it requires a plaintiff in a case like this to furnish security in any amount whatever for the litigation expenses mentioned in the statute.

In giving his executive approval to section 61-b, the Governor of the State issued a memorandum [Public Papers of Governor Dewey (1944), p. 255] in which he made the following commentary upon stockholders' derivative actions: " In recent years a veritable racket of baseless lawsuits accompanied by many unethical practices has grown up in this field. Worse yet, many suits that were well based have been brought, not in the interest of the corporation or of its stockholders, but in order

to obtain money for particular individuals who had no interest in the corporation or in its stockholders. Secret settlements — really pay-offs for silence — have been the subjects of common suspicion.'' The existence of some of these evils is here conceded. Moreover, the Legislature, as we must assume, inquired and found (1) justification for making special provision in respect of derivative suits brought by holders of relatively small amounts of a corporation's stock and (2) occasion for requiring plaintiffs in such suits to give reasonable security for litigation expenses of defendants therein. (See *O'Gorman & Young* v. *Hartford Fire Ins. Co.*, 282 U. S. 251, 257-258; *South Carolina State Highway Dept.* v. *Barnwell Bros., Inc.*, 303 U. S. 177, 190-191; *Szold* v. *Outlet Embroidery Supply Co.*, 274 N. Y. 271, 278; *East New York Sav. Bank* v. *Hahn,* 293 N. Y. 622, 628, affd. 326 U. S. 230.) Of course, it is not for us to question the wisdom of the choice of remedy here adopted by the Legislature.

On this record, then, section 61-b cannot be held to be so palpably arbitrary or unduly discriminatory as to be obnoxious either to the due process clause or to the guaranty of the equal protection of the laws.

The judgment should be affirmed, with costs.

LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgment affirmed.