**FIELDING et al. v. ALLEN et al.**

No. 172, Docket 21567.

United States Court of Appeals Second Circuit.

Argued Feb. 2, 1950.

Decided April 12, 1950.

See also 9 F.R.D. 106.

164

Hays, Podell, Algase & Feuer, New York City, Mortimer Hays and Mortimer Feuer, New York City, of counsel, attorneys for appellants.

Whitman, Ransom, Coulson & Goetz, New York City, Richard Joyce Smith, Henry S. Reeder and Bernard L. Sanoff, New York City, of counsel, attorneys for Ogden Corporation, appellee.

Before . L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.·

SWAN, Circuit Judge.

This action is a consolidation of two derivative stockholder's actions brought by Bennett I. Fielding and Frances Barretta, respectively, on behalf of themselves and all other stockholders of Ogden Corporation, against numerous defendants, including directors and officers of Ogden Corporation, to set aside a sale of corporate assets and to obtain an accounting from the defendants. The order of consolidation directed that the complaint in the Fielding action stand as the complaint in the consolidated cause. Hence our discussion need refer only to the Fielding complaint. After answering, Ogden Corporation moved for an order requiring the plaintiffs to furnish security pursuant to section 61-b of the New York General Corporation Law, McK.Consol.Laws, c. 23. From an order which granted this motion, stayed all proceedings until the security should be deposited, and provided for dismissal of the action if it were not deposited as directed, the plaintiffs and plaintiff-intervenors have appealed.

■ The complaint contains two counts, each purporting to set forth a separate cause of action on behalf of Ogden Corporation. The first count alleges that corporate assets were sold for a grossly inadequate price and charges the defendants with conspiracy, fraud, and breach of fiduciary duties by Ogden's directors. Federal jurisdiction is invoked on the ground of diversity of citizenship. The appellants concede, as they must under the authorities, that the security requirements of the New York statute[1] are applicable to this count.[2] Hence the questions presented by the appeal relate only to the second count, and are two: Whether the count alleges a cause of action founded upon a federal statute, and whether, if it does, the New York statute as to security applies.

Although the questions before us do not directly involve the first count of the complaint, a brief recital of the facts there alleged will aid discussion of the second count. Ogden Corporation is a holding company organized under the laws of Delaware and licensed to do business in the state of New York. It owned all the stock of a railroad company (Litchfield) and all the stock of a coal company (Mt. Olive). The stock of both companies, plus a large indebtedness owing by Mt. Olive to Ogden Corporation, were sold by the latter to Holtzmann who acted as an agent and dummy for Allen & Company, a partner-

ship. Holtzmann paid only $1,758,883.33 for Ogden's interests in Litchfield and Mt. Olive although their real value was at least $7,625,000. The transaction was carried out pursuant to a conspiracy between the officers and directors of Ogden, Holtzmann and Allen & Company "wrongfully, fraudulently and unlawfully to divest Ogden of its assets and properties."[3]

The second count relates only to the sale of Litchfield stock. It repeats many of the allegations of the first count respecting breaches of fiduciary duties but it claims in addition that the sale of Litchfield violated section 5(4) of the Interstate Commerce Act, 49 U.S.C.A. § 5(4). This section makes it unlawful for any person to cause the control of two or more carriers to be united in a common interest without first securing the approval of the Interstate Commerce Commission, as required by § 5(2) (a) of the Act, 49 U.S.C.A. § 5(2) (a). The count alleges that Allen & Company when it acquired the Litchfield stock was in control of another railroad company and that the purpose of transferring the Litchfield stock to Holtzmann rather than directly to Allen & Company was to avoid having the Interstate Commerce Commission examine the transaction in terms of its fairness to Ogden's stockholders, as the Commission would otherwise have done; that the Commission's approval was solicited only for the "purely

1. Section 61-b of the New York General Corporation Law reads as follows: "In any action instituted or maintained in the right of any foreign or domestic corporation by the holder or holders of less than five per centum of the outstanding shares of any class of such corporation's stock or voting trust certificates, unless the shares or voting trust certificates held by such holder or holders have a market value in excess of fifty thousand dollars, the corporation in whose right such action is brought shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney's fees, which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which it may become subject pursuant to section sixty-four of this chapter, to which the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action. The amount of such security may thereafter from time to time be increased or decreased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate or is excessive."

2. Lapchak v. Baker, 298 N.Y. 89, 80 N.E. 2d 751; Baker v. MacFadden Publications, 300 N.Y. 325, 90 N.E.2d 876; Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221.

3. These statements as well as those of the second count are merely allegations of the complaint which have been denied by the answer. Our recital of them is, of course, no intimation of an opinion that they will be proved.

formal" transfer from Holtzmann to Allen & Company; that the hearing on this application was "perfunctory"; that the Commission's approval of the transaction was obtained by suppression of the fact that Holtzmann acted as Allen & Company's agent; and consequently acquisition of control of Litchfield by Allen & Company "was unlawful and void." The second count further alleged:

"37. This action arises under the laws of the United States, including Transportation Act of 1920 (41 Stat. 474), as amended by the Act of June 16, 1933 (48 Stat. 211) and the Act of September 18, 1940 (54 Stat. 905), U.S.C., Title 49, Sec. 1 et seq. [49 U.S.C.A. § 1 et seq.] as hereinabove more fully appears, and jurisdiction of this Court depends thereon, as well as on diversity of citizenship."

The district judge was of opinion that the violation of the federal statute "is but an incident to the wrongful acts alleged to have been committed." He found that jurisdiction was predicated over both counts upon diverse citizenship exclusively. With this conclusion we are unable to agree. It not only makes the second count simply a repetition, with respect to Litchfield stock, of the first cause of action but it also disregards the allegations which plainly attempt to state a cause of action founded upon the Transportation Act.

It is well settled that "the party who brings a suit is master to decide what law he will rely upon."[4] A complaint which sets forth a substantial claim under a federal statute presents a case within the jurisdiction of a federal court, even though it fails to state a cause of action good on the merits. Jurisdiction, as Justice Holmes pointed out in *The Fair* opinion, "is authority to decide the case either way."[5] Nor need the federal statute upon which the claim is based expressly provide that the plaintiff shall have a remedy by way of suit. Bell v. Hood, supra. Hence we have only to determine whether the second count of the complaint asserts a right of Ogden Corporation based on a law of the United States. We think it does. It is true that jurisdiction is alleged to depend both upon the statute and upon diversity of citizenship. But the reference to diversity is a defect in pleading which may be regarded as surplusage. It should not defeat the obvious effort to state a cause of action based on the statute.

The count sets up the Transportation Act and alleges that its requirement of approval by the Interstate Commerce Commission was violated by transferring the Litchfield stock to Allen & Company through an intermediary. It asserts that the Commission's approval of the transfer from Holtzmann was obtained by the suppression of material facts and is void. Under the latter charge the claim may be considered as one to compel Ogden Corporation to apply to the Commission to re-open the hearing at which its approval was obtained. That is a claim under a federal statute whether or not Ogden Corporation has any standing to apply for such reopening. It is true that the count does not request a reopening, but probably such relief would be appropriate under the general prayer for "such other and further relief as may be just and proper in the premises," and, if not, the request could be reframed. Moreover, just as it stands, the count asks for a rescission of the sale and a reconveyance to Ogden Corporation of all the assets unlawfully transferred to the defendants. With respect to Litchfield stock that also is a claim under the statute. Nor is it a mere repetition of the first count, since if the Transportation Act was violated, as charged, it may be that Ogden Corporation can rescind the sale even though the consideration received for Litchfield stock was not so inadequate as to prove a breach of fiduciary duty by the directors in authorizing the sale. Viewed either way, the complaint raises a question

---

4. The Fair v. Kohler Die Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716; Bell v. Hood, 327 U.S. 678, 681, 66 S.Ct. 773, 90 L.Ed. 939.

5. See also Swafford v. Templeton, 185 U.S. 487, 493, 22 S.Ct. 783, 46 L.Ed. 1005; Binderup v. Pathe Exchange, 263 U.S. 291, 305, 44 S.Ct. 96, 68 L.Ed. 308.

which will be decided favorably or unfavorably to the plaintiffs depending on the construction given to the Transportation Act. That is the essence of a federal question from the jurisdictional standpoint.[6] We do not, of course, express any opinion as to the merits of the claims asserted. We merely affirm their federal nature.

The appellee urges that the conclusion at which we have arrived is at variance with the result reached in Downing v. Howard, 3 Cir., 162 F.2d 654, certiorari denied 332 U.S. 818, 68 S.Ct. 155, 92 L.Ed. 395. That was a derivative suit in which federal jurisdiction was sought to be based on alleged violations of section 25 of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79y. It was held that section 25 gave the plaintiff no right of action, and the complaint was dismissed for lack of jurisdiction. The case has been criticized on the ground that it decided the jurisdictional question in terms of the merits.[7] We are unable to follow it, in view of the Supreme Court's decision in Bell v. Hood, supra. That case and those on which it relies clearly separate the jurisdictional question from the merits of the cause.

Our decision in Meyer v. Kansas City Southern Ry. Co., 2 Cir., 84 F.2d 411, certiorari denied 299 U.S. 607, 57 S.Ct. 233, 81 L.Ed. 448, is not contrary to the conclusion above expressed. The federal claim there was based on the antitrust laws. But plaintiff, a stockholder suing on his corporation's behalf, disclaimed any purpose to recover under the antitrust laws as indeed he had to, in view of Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505. Accordingly, his claim presented a federal question

only for the frivolous purpose of obtaining federal jurisdiction, which would otherwise have been lacking.[8] No such instance is presented here. Plaintiff has fairly raised a question under the Transportation Act.

■ Our next inquiry is whether this federally-based cause of action is subject to section 61-b. The right to be vindicated is that of Ogden Corporation. Since the corporation will not itself assert the right, equity allows a minority shareholder, under the circumstances alleged in the complaint, "to step into the corporation's shoes and to seek in its right the restitution he could not demand in his own."[9] Although it is clear that Ogden's right is federal in nature, the source of the shareholder's right to sue on it requires some further examination. If his right to maintain this derivative action is one which he possesses only by virtue of state law, his suit may be subject to the condition which New York has imposed even though the corporate right is federal. This we need not decide, however, for we think that the stockholder's right to maintain a derivative action on a corporate right federal in nature is federally conferred. As long ago as Payne v. Hook, 7 Wall. 425, 430, 19 L. Ed. 260, it was held: "The equity jurisdiction conferred on the Federal courts is the same that the High Court of Chancery in England possesses; is subject to neither limitation or restraint by State legislation, and is uniform throughout the different States of the Union."[10]

It may be conceded that this doctrine no longer applies in diversity cases. There the policy of uniformity within the federal system must give way to the policy of uniformity between the federal court and the courts of the state in which it sits.[11]

6. Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70; Bell v. Hood, 327 U.S. 678, 685, 66 S.Ct. 773, 90 L.Ed. 939.

7. Note, 56 Yale L.J. 880; Moore's Commentary on the U. S. Judicial Code 144, n. 34.

8. See Bell v. Hood, 327 U.S. 678, 682-683, 66 S.Ct. 773, 90 L.Ed. 939.

9. Cohen v. Beneficial Loan Corp., 337 U.S. 541, 548, 69 S.Ct. 1221, 1226; see

also Hawes v. Oakland, 104 U.S. 450, 460, 26 L.Ed. 827.

10. See also Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 164, 59 S.Ct. 777, 83 L.Ed. 1184; Guaranty Trust Co. v. York, 326 U.S. 99, 105, 106, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231.

11. Ruhlin v. N. Y. Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464.

But we think that the policy enunciated in Payne v. Hook, supra, retains its vigor in non-diversity cases. In such cases, if a form of relief exists within the ambit of the federal court's historic equity jurisdiction, it should be available without reference to the peculiar requirements of local law. As Professor Moore puts it: "Whether equitable relief should be granted and to what extent in federal matters is a matter properly within the domain of federal equity jurisprudence. Here, unlike in diversity cases, the federal courts are free of state remedial law." 2 Moore's Federal Practice (2d ed.), Par. 2.09, p. 456.

The stockholder's derivative suit is such a form of relief. The action was early recognized by Chancery.[12] It has long been familiar in the federal courts.[13] And since the passage of the Act of March 3, 1875, 18 Stat. 470 [see 28 U.S.C.A. § 1331], conferring federal jurisdiction over cases arising under the Constitution and laws of the United States, many federal questions of importance have been raised in stockholder's derivative actions.[14] Consequently we think that the right of a stockholder to sue on his corporation's federal cause of action is itself federal in nature and therefore not subject to special requirements for cognate actions under state law.[15] Accordingly the plaintiffs ought not to have been required to furnish security under section 61-b as a condition precedent to the prosecution of their second cause of action.

It must be conceded, however, that the question is not free from doubt. The opinion in the Cohen case, 337 U.S. 555, 69 S.Ct. 1230, states that the statute "is not merely a regulation of procedure." It creates a new liability, making a stockholder who institutes a derivative action liable for the expenses to which he puts the corporation and other defendants, if he does not make good his claims, and it prescribes a procedure to secure the corporate defendant before the outlay is incurred. The court concluded its analysis of the statute with the remark: "We do not think a statute which so conditions the stockholder's action can be disregarded by the federal court as a mere procedural device." However, the court was dealing with a diversity case, and we believe the decision must be limited to that situation.[16]

The district court's order provides that if plaintiffs fail to furnish security within sixty days their action shall be dismissed. Plaintiffs ask that this order be modified with respect to their first cause of action (for which they must still furnish security) so as to provide merely for a stay of proceedings rather than dismissal. They point out the possibility that a recovery in Ogden's behalf resulting from prosecution of the federal claim may induce Ogden to waive the security requirement as to the first cause and thus permit prosecution of that cause to proceed. They fear that if the first cause is dismissed, rather than stayed, the statute of limitations may have run on it by the time the second cause of action is reduced to judgment. Section 61-b does not specify whether the penalty for failure to furnish security is to be dismissal or merely a stay. We consider it a matter of discretion and leave its disposition for the court below.

12. Foss v. Harbottle, 2 Hare 461.

13. Dodge v. Woolsey, 18 How. 331, 15 L.Ed. 401; Howes v. Oakland, 104 U.S. 450, 26 L.Ed. 827.

14. See, e. g., Pollock v. Farmers Loan & Trust Co., 157 U.S. 429, 553, 15 S.Ct. 673, 39 L.Ed. 759; Ex parte Young, 209 U.S. 123, 143, 28 S.Ct. 441, 52 L. Ed. 714, 13 L.R.A.,N.S., 293, 14 Ann. Cas. 764; Brushaber v. Union Pacific R. Co., 240 U.S. 1, 9, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas. 1917B, 713; Ashwander v. T. V. A., 297 U.S. 288, 318, 56 S.Ct. 466, 80 L.Ed. 688. And see 13 Fletcher Cyclopedia Corporations Sec. 5987.

15. See Stela v. Kaiser, D.C.S.D.N.Y., 81 F.Supp. 807.

16. See Deitrick v. Greaney, 309 U.S. 190, 200, 60 S.Ct. 480, 84 L.Ed. 694; D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp., 315 U.S. 447, 455, 62 S.Ct. 676, 86 L.Ed. 956; Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743, 162 A.L.R. 719; and see Guaranty Trust Co. v. York, 326 U.S. 99, 101, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231.

The order is affirmed in so far as it requires the posting of security with respect to the first cause of action; in other respects it is reversed and the cause remanded for further proceedings not inconsistent with the foregoing opinion.