## AMES v. VOIT et al.

United States District Court
S. D. New York.
March 2, 1951.

Sidney L. Garwin, New York City, for plaintiff.

James D. Carpenter, Harper & Matthews, New York City, for defendant Mengel Co. (Harold Harper, James D. Carpenter and Vincent P. Uihlein, New York City, of counsel).

LEIBELL, District Judge.

This is a motion by the defendant corporation, The Mengel Company, to require the plaintiff to give security in the sum of $5,000 on the grounds that he is in effect bringing a derivative action in favor of the defendant corporation and against the individual defendant, Alvin A. Voit, and should post security under Section 61-b of

the New York General Corporation Law, Mc.K.Unconsol.Laws, c. 23.

Section 61-b provides:

"§ 61-b. Security for expenses

"In any action instituted or maintained in the right of any foreign or domestic corporation by the holder or holders of less than five per centum of the outstanding shares of any class of such corporation's stock or voting trust certificates, unless the shares or voting trust certificates held by such holder or holders have a market value in excess of fifty thousand dollars, the corporation in whose right such action is brought shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney's fees, which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which it may become subject pursuant to section sixty-four of this chapter, to which the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action. The amount of such security may thereafter from time to time be increased or decreased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate or is excessive. Added L.1944, c. 668; amended L.1945, c. 869, § 3, eff. April 18, 1945."

The secretary of the defendant corporation asserts that plaintiff owns only 50 shares of the corporation's 571,624 shares of common stock outstanding; that the stock was issued to her on March 9, 1949 and the highest price it has reached on the New York Stock Exchange is less than $18 a share.

After the motion for security was made, the plaintiff served an amended complaint in which she states that she "brings this action respectively on behalf of herself and all other stockholders of The Mengel Company similarly situated". She alleges that she has owned her stock since July 31, 1947. The amended complaint charges that the corporation in October 1949 permitted the individual defendant, Voit, to exercise an option to purchase 10,000 shares of the corporation's stock at $10 a share in a manner contrary to the option expressly authorized by the stockholders at a special meeting held on February 27, 1945; that the terms of the option called for its exercise by December 31, 1949 and contemplated the payment of cash for the stock; that in effect the October 1949 action was a new option; that two-thirds of the stockholders present at a meeting are required to authorize such an option; and that no such meeting was held.

The amended complaint alleges:

"6. On the 21st day of October, 1949, the Board of Directors of the Corporation authorized the issuance of the 10,000 shares of stock to the defendant Voit for a purchase price of $100,000.00 payable by a demand promissory note in that amount bearing 3% interest payable semi-annually it being specifically provided however, that 'the corporation was to have no recourse against the maker of the note except to the extent of the stock deposited as collateral security therefore.'

"7. On the 26th day of October, 1949, the defendant Voit attempted to exercise his option to purchase 10,000 shares of the common stock of the corporation by giving as payment therefore, a note for $100,-000.00 payable on demand with interest at 3% per annum payable semi-annually. Said note was secured by the 10,000 shares of the Corporation common stock which was purchased by the defendant Voit with the privilege of withdrawing the collateral from time to time by making payments on the principal at the rate of $10.00 cash with each share withdrawn. The note further provided that 'the Corporation shall look solely to the collateral placed for the payment of this note.' The note further provided that the dividends on the shares held as security were to be applied first towards the payment of interest and second towards the payment of principal.

"8. The purported exercise of said option was illegal, invalid, null and void in that

"(a) there was a failure to pay for said stock in accordance with the terms of the option or in any other way that constitutes

payment and in addition there was a failure by Alvin A. Voit or anyone on his behalf to obligate themselves to pay for said stock at some future date;

"(b) the consent of ⅔ of the stockholders present at the meeting of February 27, 1945 was obtained on the premise that said option could only be exercised by payment for the stock in cash on or before December 21, 1949 and said stock has not been paid for as of the date hereof;

"(c) the Charter of the Corporation provides that the consent of ⅔ of the stockholders must be obtained as a condition prerequisite to the issuance of unissued stock. Said stock had remained unissued as and until the 26th day of October, 1949 and ⅔ of the stockholders of the Corporation have not at any meeting called for that purpose or in any other manner authorized a transfer of the stock without payment of consideration, or upon the terms set forth in paragraphs 6 and 7 of this complaint;

"(d) that the governmental approval of the solicitation material was given upon the premise that the option would be exercised by payment in cash on or before December 31, 1949.

"9. All of said 10,000 shares of common stock of the Corporation is at the present time, in the possession and under the control of the Corporation.

"10. During the year 1950 there was declared as dividends the sum of $1.05 on each share of common stock which was 75¢ more per share than was due as interest on the loan. At the last dividend declaration on November 17, 1950 the Corporation declared that the regular quarterly dividend rate would be 50¢ per share. This will constitute a payment of $2.00 per share yearly. This will permit the defendant Voit to completely pay for the 10,000 shares of stock over a period of years without any money being expended by him and without any investment or financial risk and solely with the funds of the Corporation.

"11. All of the dividends accrued upon the 10,000 shares of common stock of the Corporation are in the possession and under the control of the Corporation.

\* \* \* \* \* \*

"14. The purported exercise of the option by Voit with the consent of the Corporation is in violation of the preemptive rights of the plaintiff to buy stock of the Corporation.

\* \* \* \* \* \*

"16. The Corporation intends to transfer to Voit, said 10,000 shares of its common stock upon payment of $100,000.00 either by crediting dividends on said stock to him or payment by him to the corporation of that amount at a time when the stock has a much higher market value."

The amended complaint demands judgment—

"1. Enjoining Voit from exercising, receiving or otherwise utilizing any rights over the 10,000 shares of common stock of the corporation.

"2. Enjoining the Corporation, its Directors, Officers and Agents from honoring the exercise of said option rights by Voit and from transferring said 10,000 shares of stock and any dividends accruing thereto to Voit, his designees or assignees.

"3. That a judgment be rendered declaring the rights of the parties hereto.

"4. Awarding to the plaintiff the reasonable counsel fees and expenses and granting such other and further relief as to the Court may seem just and proper."

Does the amended complaint plead a stockholders' derivative action, or an action in the stockholder's own right? If it is derivative, then the corporation is entitled to security under Section 61–b of the New York General Corporation Law. See Lapchak v. Baker, 298 N.Y. 89, 80 N.E.2d 751 and Baker v. McFadden Publications, Inc., 300 N.Y. 325, 90 N.E.2d 876. The requirement of the New York statute as to the security must be enforced in the Federal courts. Cohen v. Beneficial Ind. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Fielding v. Allen, 2 Cir., 181 F.2d 163 at page 165.

Taking the allegations of the amended complaint at their face value it appears that

the original option authorized by the stockholders on February 27, 1945, was not properly exercised by Voit within the time limit (December 31, 1949) and has expired; that the action of the board of directors, as alleged in paragraph 6, and of Voit, as alleged in paragraph 7, was in effect a new option for which there was no stockholders' authorization as required by its charter; that the charter requires the consent of ⅔ of the stockholders to the issuance of unissued stock; that the stockholders were never consulted in the matter and that the new option is illegal and void.

As plaintiff alleges in paragraph 17 of the amended complaint—

"17. Unless enjoined by this Court said physical transfer of the 10,000 shares of common stock of the Corporation will result in irreparable injury to plaintiff and to other stockholders similarly situate because

"(a) It will deprive said stockholders of their preemptive rights to purchase said stock.

"(b) By honoring Voit's exercise of his purported option rights or by accepting payment therefore the corporation will acknowledge its validity.

"(c) Thereafter the Corporation's Board of Directors will not demand or ask for an accounting by Voit for his profits and the Corporation's loss.

"(d) Plaintiff and the other stockholders of the Corporation will be deprived of their proportionate position as stockholders of the Corporation."

■ I believe that this is a representative action brought by this stockholder on behalf of all the stockholders because of threatened injury to their rights as stockholders, and that it is not a derivative action brought by the plaintiff on behalf of the corporation to assert a right of the corporation. Witherbee v. Bowles, 201 N. Y. 427, 95 N.E. 27. The demand for relief would not result in any judgment that would inure to the primary or direct benefit of the corporation. The complaint seeks to prevent the corporation from doing an act which the stockholder claims is detrimental to her rights and it is immaterial whether it is beneficial or derimental to the corporation. The corporation is an actual defendant in such a suit. Holthusen v. Edward G. Budd Mfg. Co., D.C., 55 F. Supp. 945. The fact that the prayer for relief asks for counsel fees does not affect the nature of the action, for counsel fees are allowed in a representative action as well as in a derivative action. Holthusen v. Edward G. Budd M. Co., supra.

Section 61–b of the New York General Corporation Law applies only to a stockholders' derivative action, and not to a stockholders' representative action. Lennan v. Blakeley, Sup., 80 N.Y.S.2d 288; Horowitz v. Balaban et al.,[1] S.D.N.Y.Civ. 42–437–1949.

The amended complaint does not allege a right of action derived from the corporation but one possessed by the stockholder as such. It follows that the motion of the defendant corporation for security under Section 61–b of the New York General Corporation Law must be denied.

The corporation's attorneys argue that the corporation cannot remain neutral in this suit and that therefore it is entitled to security; that it cannot remain neutral because "the option was authorized by the directors and stockholders and it is the judgment of the directors that it is to the best interests of the corporation that the sale be consummated". The option referred to as having been authorized by the stockholders (in February 1945) is not under attack. It is the sale or the new option of October 1949 that is under attack because it was not authorized by the stockholders although the charter expressly required their authorization. The February 1945 consent of the stockholders to what amounted to a waiver of their preemptive rights was based upon certain conditions, namely, the terms of the purchase. Whether they would consent to a waiver of their preemptive rights under the terms of the October 1949 resolution seems to me to be a matter upon which they were entitled to exercise their judgment at a stockholders' meeting.

1. No opinion for publication.

The fact that the board of directors is of the opinion that the sale or new option is advantageous to the corporation in keeping Voit in its employ does not change the fundamental nature of the plaintiff's action. While it might be beneficial to the corporation it may at the same time be detrimental to the rights of the individual stockholder in relation to his stock position.

The defendant corporation's motion for security under Section 61-b of the New York General Corporation Law is denied. The time of the defendant, The Mengel Company, to answer the amended complaint or make any motion with respect thereto is extended until twenty days after the entry of an order on this motion.

Settle an order accordingly.