## FULLER et al. v. AMERICAN MACHINE & FOUNDRY CO. et al.

United States District Court
S. D. New York.
May 25, 1951.

Nathan B. Kogan, New York City, William L. Hughes and Irving Constant, New York City, of counsel, for plaintiffs.

Cahill, Gordon, Zachry & Reindel, New York City, Mathias F. Correa and Frederick P. Warne, New York City, of counsel, for defendant International Cigar Machinery Co.

WEINFELD, District Judge.

This derivative action was commenced by two plaintiffs, owners since 1943 of 200 shares of stock of the defendant International Cigar Machinery Company.

On June 19, 1950, shortly after the commencement of the action, the plaintiffs by an order of Judge Irving R. Kaufman D. C., 91 F.Supp. 710 were required to furnish

$3,500 security for International's reasonable expenses, including attorneys' fees, and all proceedings, except to review or vacate the order until security was furnished, were stayed. New York General Corporation Law, McK.Consol.Laws, c. 23, Section 61-b. The order also granted leave to plaintiffs to move within 30 days to vacate the security order on proof that the owners of 5 per cent in number or $50,000 in market value of the stock of International had joined with them.

Within that period plaintiffs did so move to vacate on the ground that 212 additional stockholders owning shares of the then market value of $276,000 indicated an intention to join the action as plaintiffs. The motion was heard by District Judge McGohey who permitted the joinder of the additional stockholders but held that an amended complaint was required inasmuch as the allegations of residence and joint ownership of the stock by the Fullers, the two original plaintiffs, did not apply to all the newly added plaintiffs. Accordingly, leave was granted to file an amended complaint within 20 days. At the same time the motion to vacate the order granting security was denied without prejudice to renewal upon the basis of the amended complaint. D.C., 95 F.Supp. 764.

Subsequently, based on a proposed amended complaint intended to eliminate prior deficiencies, the plaintiffs renewed their motion to vacate the original order requiring security. However, plaintiffs' failure to properly verify the proposed amended complaint compelled denial of this motion too. D.C., 96 F.Supp. 606. The order entered thereon required the plaintiffs to furnish security within 10 days. No undertaking was filed within that period or to the date hereof.

Finally, another amended complaint was prepared, this time on behalf of 217 stockholders of the defendant International owning 20,869 shares of its stock with a market value of approximately $300,000, and verified by 12 plaintiffs who own 4,310 shares with a market value of $61,000.

The motion now before the Court requests permission to plaintiffs to file the aforesaid proposed amended complaint, the vacatur of the security provision contained in Judge Kaufman's order, as well as the joinder of three additional stockholders— the latter three being included in the 12 who verified the complaint.

■ Defendant offers no objection to the complaint or its verification. The real opposition is directed towards the attempt to vacate the security provision. The defendant urges that the present motion seeks the same relief heretofore denied by the order dated March 30, 1951, which contained the provision for the furnishing of security within 10 days. The contention is made that any action by this Court would in effect be tantamount to reviewing an order of another Judge of coordinate jurisdiction in the same case. Commercial Union of America v. Anglo-South American Bank, 2 Cir., 10 F.2d 937. This Court with the express consent of counsel has conferred with the Judges who entered the orders referred to and has been advised that there was no intention to effect a determination which precludes consideration of the present motion upon the merits. Accordingly, the Court considers the matter upon the new proposed amended complaint, properly verified, and the affidavits and papers submitted in support of and in opposition to the motion.

The total number of stockholders who now seek to proceed with the action is 217, owning 20,869 shares with a market value of $300,000. They represent 25 per cent of what might be termed "free stock" of the defendant International—widely scattered and held by the public after taking into account the 67½ per cent owned by the co-defendant American Machine & Foundry Company and its officers. They reside in 26 states and 94 cities and towns.

The 12 who verify the present complaint specifically state that they are familiar with the opinions rendered by the Judges who passed upon the prior applications, one of which includes strictures upon the methods used to solicit cooperating plaintiffs. The verifying plaintiffs represent a cross-section of stockholders, including a well-known clergyman, who is also a Brigadier General, his wife and their son, a stock broker, owning 1,600 shares; also a member of the New York Bar, a member of the New York

Curb Exchange, a retired physician, other retired persons, as well as former employees of the co-defendants American Machine & Foundry Company.

Although plaintiffs applied in August 1950, within the 30 day period specified in the original order directing security, to add to the action this representative and diverse group of stockholders owning stock far in excess of the $50,000 required by Section 61-b of the New York General Corporation Law, they have, due to their own shortcomings, become enmeshed in a series of procedural difficulties so that not alone they, the original plaintiffs, but the additional stockholders are still stymied to this day from proceeding—unless, of course, the original plaintiffs or the others post the security directed.

■ The purpose of Section 61-b of the New York General Corporation Law and similar statutes was to prevent or curtail abuses which through the years had developed in stockholders' derivative actions where persons owning insignificant amounts of stock, frequently bought for litigious reasons, and more intent upon self-interest than protecting the right of corporations and their stockholders, foisted heavy expense upon them. The evils were well known. Cohen v. Beneficial Loan Corp., 337 U.S. 541, 548, 69 S.Ct. 1221, 93 L.Ed. 1528; Lapchak v. Baker, 298 N.Y. 89, 94, 80 N.E.2d 751. But the evils were not one-sided. It was also recognized that the development of the corporate entity had brought in its wake abuses on the part of those trusted with corporate management.

Congressional and legislative inquiries in recent times have exposed rampant and extensive wrongful practices on the part of fiduciaries of corporations which led to various statutes aimed at preventing and curbing such practices.[1] The investigations underscored the need for continuing free access to Courts of equity by small and scattered minority groups to enforce the rights of wronged corporations, their stockholders and bondholders, by means of derivative actions against those who generally were in a position to conceal their faithless conduct or who as alleged wrongdoers could not be expected to bring suit against themselves. The method adopted by the Legislatures to curb the evils of "strike suits" and secret settlements was not intended to impede or make more difficult such derivative actions by substantial groups of stockholders against those claimed to be recreant to their trusts.

To date, the efforts of the plaintiff-stockholders to go forward with this section have been frustrated, as we have seen, by various procedural problems. In passing upon the original motion for security made by the defendant International, the Court in summarizing the complaint held it " * * * states no cause of action against International and seeks no relief against that corporation. It states a claim against American only as majority stockholder for breach of its fiduciary duty in misappropriating International's funds and obtaining excessive profits by reason of its controlling position. * * * The plaintiffs object solely to the alleged over-reaching and obtaining of excessive profits on the part of American accomplished through the common directorships and officers. * * * International is merely a nominal defendant in this action, * * *." 91 F.Supp. 710, 712.

■ Under all the factors here considered, the Court's view is that the difficulties which have bedeviled the original plaintiffs ought not to deprive the additional stockholders who joined with them, a substantial and representative number, from asserting the derivative claim against another corporation charged with using its dominant position to over-reach the other, in this case International. Had the present group of stockholders commenced the action or were they now to do so, security

1. Hearings before Committee on Banking and Currency on S. 84, 72nd Congress (1932–33); hearings on S. 56 and S. 97, 73rd Congress (1933–34); hearings before Committee on Interstate Commerce on S.R. 71, 74th Congress, 1st Session (1935); New York State Joint Legislative Committee. Legislative Document No. 66 (1936); see Douglas, "Directors Who Do Not Direct," 47 Harv.L.R. 1305.

could not be required under the statutory provision. They should be permitted, without the requirement of a bond, to review the acts and conduct complained of in a Court of law where the charges and the defense thereto may be fully considered. Perhaps another result would be indicated had not so substantial a number joined with the original group within the period fixed by the terms of the original order or a reasonable time thereafter—but such is not the case. It need hardly be emphasized that the Court does not in any respect pass upon the merits of the claims asserted by the plaintiffs but in this Court's view it would serve the interests of the corporation and its stockholders to remove the obstacle which now exists to the suit going forward with dispatch.

The motion is granted. Settle order on notice.