Eli FRANKEL, Plaintiff,

v.

Donald SLOTKIN, Carl H. Lindner, Louis A. Guzzetti, Jr., Keith E. Lindner, S. Craig Lindner, David H. Lubetzky, Jean H. Sisco, Ronald F. Walker, Jay Wells, American Financial Corporation, FMI Financial Corporation, and United Brands Company, Defendants.

No. 85–CV–3385.

United States District Court,
E.D. New York.

Jan. 18, 1989.

Kaufman Malchman Kaufmann & Kirby, New York City, for plaintiff.

Kaye Scholer Fierman Hayes & Handler, New York City, for defendants.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Plaintiff brings this derivative action on behalf of United Brands Company ("UB"). The defendants have moved to dismiss the plaintiff's amended complaint pursuant to Rules 9(b), 12(b)(6), and 23.1 of the Federal Rules of Civil Procedure. Alternatively, the defendants request that the plaintiff be required to post a bond pursuant to New York Business Corporation Law § 627. Plaintiff cross-moves, pursuant to Fed.R. Civ.P. 56(a) for partial summary judgment on his claim under § 16(b) of the Securities Exchange Act of 1934.

*Facts*

Plaintiff, a shareholder of United Brands Company, brought this derivative action alleging, *inter alia*, violations of the Securities Exchange Act of 1934. Defendants, American Financial Corporation ("AFC") and FMI Financial Corporation ("FMI") are Ohio and Florida corporations, respectively. Defendant Carl H. Lindner is the principal stockholder and Chief Executive Officer of AFC. AFC has "four acknowledged representatives on UB's nine member board of directors." (Amended Complaint ¶ 10). Defendants Lindner and Walker hold management level positions in both AFC and UB; Walker is director and chief operating officer of both companies. All of the individual defendants in this action are directors of UB.

This court previously dismissed the plaintiff's complaint for failure to plead fraud with particularity as required by Fed.R.Civ. P. 9(b). The reader is referred to this court's opinion in *Frankel v. Slotkin, et al,* decided August 8, 1986 [1986 WL 22343] for a synopsis of the facts in the case at bar. The plaintiff's amended complaint, which is now the focus of the defendant's motion, sets forth twenty six new averments in an attempt to satisfy Rule 9(b).

## DISCUSSION

*Plaintiff's 10b–5 Claim*

When pleading fraudulent securities violations under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5, 17n C.F.R. § 240, 10b–5, promulgated thereunder, the plaintiff must aver with some degree of specificity the circumstances which constitute the alleged fraud. *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111 (2d Cir.1982); *Denny v. Barber,* 576 F.2d 465 (2d Cir.1978). A complaint which contains vague and conclusory allegations of fraud or deception under Rule 10b–5 will be insufficient to withstand a motion to dismiss. *Decker,* 681 F.2d at 114; *Ross v. A.H. Robins Co.,* 607 F.2d 545, 557 (2d Cir.1979). This court is cognizant, however, that in deciding a motion to dismiss under Rule 9(b), the complaint must be read in conjunction with Fed.R.Civ.P. 8(a) which calls for a "short and plain statement[s]" for relief. *DiVittorio v. Equidyne Extractive Industries, Inc.,* 822 F.2d 1242 (2d Cir.1987), *citing* 5

C. Wright and A. Miller, Federal Practice and Procedure § 1298, at 406 (1969). *See also* 2 A Moore's Federal Practice ¶ 9.03(2) at 9–38–39 (1987). Thus, it is not necessary for the complaint to plead "detailed evidentiary matter." *Modern Settings Inc. v. Prudential Bache Securities, Inc.* 602 F.Supp. 511, 513 (S.D.N.Y.1984), Nevertheless, the complaint must set forth a sufficient factual basis from which the defendants and the court may "review the sources and determine, at the pleading stage, whether an inference of fraud may be fairly drawn from the information obtained therein." *Crystal v. Foy,* 562 F.Supp. 422, 424 (S.D.N.Y.1983). Thus, while the subjective elements of fraud such as "malice, intent, knowledge and other condition of mind of a person may be avered generally," Fed.R.Civ.P. 9(b), a complaint must identify the specific events which are claimed to give rise to an inference of knowledge. *Devaney v. Chester,* 813 F.2d 566, 568 (2d Cir.1987); *Goldman v. Belden,* 754 F.2d 1059, 1070 (2d Cir.1985).

The Court of Appeals for the Second Circuit has recently noted that "[t]he absence of a requirement that scienter be alleged with 'great specificity' is based on the premise that a plaintiff realistically cannot be expected to plead a defendant's actual state of mind." *Devaney v. Chester,* 813 F.2d at 568, *citing Connecticut National Bank v. Fluor Corp.,* 808 F.2d 957, 962 (2d Cir.1987). However, " '[i]t is reasonable to require that the plaintiff specifically plead those events' which 'give rise to a strong inference' that the defendants had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth". *Connecticut National Bank v. Fluor Corp.,* 808 F.2d at 962, *quoting Goldman v. Belden,* 754 F.2d at 1070.

■ The nucleus of the complaint is that the defendants knew in March 1985, when United Brands announced that it would lower the conversion price of its 5½% convertible subordinated debentures for twenty four days, that FMI would make a tender offer for United Brands stock on July 5, 1985, four months later. The plaintiff alleges that the failure of the defend-

ant directors to disclose this information at the time United Brands lowered its conversion rates was misleading to United Brands minority shareholders. Thus, central to this court's consideration of the defendant's motion is whether the plaintiff has now pleaded facts "which would give rise to the inference that all the defendants knew of the July tender offer in March." *Frankel v. Slotkin,* CV 85–3385, August 8, 1986.

Accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff, *Field v. Trump,* 850 F.2d 938 (2d Cir.1988), the Court finds that the plaintiff has adequately alleged fraud. Although it may ultimately be difficult for the plaintiff to establish the defendant's knowledge at trial due to the time lapse between UB's lowering of the debenture conversion rate and FMI's tender offer, the complaint sufficiently sets forth facts from which the Court can infer knowledge on the part of the defendants. Accordingly, the defendants' motion to dismiss the complaint for failure to plead fraud with particularity is denied.

Defendants next move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff's 10b–5 claim on the ground that it fails to state a cause of action upon which relief can be granted. Rule 10b–5 of the Securities Exchange Act of 1934 provides:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) to employ any device, scheme or artifice to defraud

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon

any person, in connection with the purchase or sale of any security."

Plaintiff's complaint alleges that UB, in its public announcements of the temporary reduction in the conversion price of its debentures, omitted any reference to or mention of FMI's impending, friendly and unopposed tender offer for UB's common stock. Plaintiff further alleges that such omission made UB's public announcements materially misleading in violation of § 10b–5 because such omission had the effect of deceiving the minority shareholders of UB, and deprived them of the opportunity to enjoin or otherwise prevent AFC's purchase of UB's common stock at an unfair price (Amended Complaint ¶ 71 & 72).

Defendants contend that there is no 10b–5 violation on the grounds that there was full disclosure to disinterested board members. Defendants rely on *Maldonado v. Flynn*, 597 F.2d 789 (2d Cir.1979). *Maldonado* holds that where shareholder approval is not necessary to effectuate the action under attack, full disclosure to a disinterested board of directors is equivalent to full disclosure to the shareholders. *Maldonado* at 793. In such situations no 10b–5 violation will exist. Plaintiff argues that the directors involved in this action were not disinterested. Specifically, plaintiff alleges that the directors knew of Lindner's "intention and plans, obeyed his instructions and carried them out by voting for them and otherwise effectuating Lindner's wishes in their capacities as officers and directors of UB, AFC and FMI." (Amended Complaint ¶ 53). Plaintiff points to the fact seven members of the nine member board were Lindner's sons and or employees. Plaintiff also relies on *Maldonado v. Flynn*, 597 F.2d 789 (2d Cir.1979). In dismissing plaintiff's 10b–5 claim, the court ruled that

> "Domination or control of a corporation or of its board by those benefiting from the board's action may under some circumstances preclude its directors from being disinterested. In such a case, since they would be acting as mere pawns of the controlling wrongdoer, their knowledge could hardly be imputed

to the corporation or its shareholders." *Maldonado* at 795.

This Court is cognizant, that in deciding a motion to dismiss under Rule 12(b)(6), that the complaint is to be construed in a light most favorable to the plaintiff. In *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) the Supreme Court stated:

> When a Federal Court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admission, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claiment is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

Accepting the allegations in the complaint as true and construing them in a light most favorable to the plaintiff, the Court finds that defendant's motion under Rule 12(b)(6) must be denied.

### Plaintiff's 14(e) Claim

Plaintiff has also alleged a violation of Section 14(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(e), and Rule 14e–3, 17 C.F.R. § 240.14e–3, promulgated thereunder by the Securities and Exchange Commission. Specifically, plaintiff claims that "AFC's conversion of its UB debentures, while in possession of material nonpublic information acquired by AFC from FMI and UB respecting FMI's tender offer, was a fraudulent practice in violation of Rule 14e–3." (Amended complaint ¶ 77).

Essentially, plaintiff argues that AFC's conversion of UB stock after FMI had taken substantial steps to initiate its tender offer for UB stock while it possessed material nonpublic information acquired from FMI, violated Rule 14e–3 (amended Complaint ¶ 76d–77).

It is well established that the Williams Act is directed toward the exigencies of tender offer situations where shareholders are often called upon to act quickly. *See Piper v. Chris–Craft Industries*, 430 U.S. 1, 35, 97 S.Ct. 926, 946, 51 L.Ed.2d 124

(1977); *Panter v. Marshall Field*, 646 F.2d 271, 286 (7th Cir.1981) *cert denied*, 454 U.S. 1092, 102 S.Ct. 658, 70 L.Ed.2d 631; *Sanders v. Thrall Car Mfg. Co.*, 582 F.Supp. 945 (S.D.N.Y.1983) *aff'd*, 730 F.2d 910 (2d Cir.1984). Due to the limited scope of the Williams Act, misrepresentations, nondisclosures, or manipulative practices actionable under § 14(e) must be "in connection with" the tender offer. *Sanders v. Thrall Car Mfg. Co.*, 582 F.Supp. at 966.

Plaintiff argues that a 14e–3 violation exists where the offeror has taken a 'substantial step or steps' to commence a tender offer (Plaintiff's Brief at 60). Thus, it is argued that since AFC converted its bonds into shares with knowledge of FMI's impending tender offer after FMI had taken substantial steps toward its goal, a valid claim under Rule 14e–3 has been stated. The court disagrees. The Act contemplates public disclosure only after a tender offer is "initiated." *Staffin v. Greenberg*, 672 F.2d 1196 (3d Cir.1982). While taking a substantial step or steps toward a tender offer may contemplate "the formulation of a plan or proposal to make a tender offer," (Plaintiff's brief at p. 60, citing SEC Release No. 17120 (1980), 1980 transfer Binder CCH Fed. Securities Law Rep., ¶ 82, 646 p. 83458 n. 33), the Act's prophylatic disclosure requirements were designed to operate in regard to misstatements, omissions, or nondisclosures which occur in close proximity to the tender offer. *See Lewis v. McGraw*, 619 F.2d 192, 195 (2d Cir.1980); *Applied Digital Data Systems, Inc. v. Milgo Electronic Corp.*, 425 F.Supp. 1145, 1154 (S.D.N.Y.1977).

In the present case, approximately three months elapsed between the AFC bond conversion and FMI's tender offer. This lapse of time precludes the plaintiff from maintaining any claim under the Williams Act. This was clearly not a nondisclosure on the "eve of a tender offer." *Lewis v. McGraw*, 619 F.2d at 195.

### § 16(b) Claim

██ The plaintiff has also alleged that the grant of a "put" by AFC to FMI was a violation of § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). On July 5, 1985, a put was granted to FMI by AFC in connection with FMI's planned tender offer of UB. "This put is exercisable by FMI during the month of July in each of the years 1986 (for up to ⅓ of the shares of UB common stock acquired by FMI in its tender offer), 1987 (for up to ⅔ of such shares), and 1988 (for up to all of such shares), and expires on July 30, 1988." (Amended Complaint ¶ 81).

Plaintiff argues that the receipt of this put was a violation of § 16(b) since it occurred within six months of FMI's acquisition of UB's common stock. This claim is contrary to the settled law in this circuit and others. Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78p(b), prohibits a beneficial owner from realizing any profit from the purchase and sale of any equity security, by reason of his relationship to the issuer, within any period of less than six months. "The mere execution of an option to sell is not generally regarded as a sale." *Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582, 601, 93 S.Ct. 1736, 1748, 36 L.Ed.2d 503 (1973). *See also Booth v. Varian Associates*, 334 F.2d 1 (1st Cir.1964) *cert denied*, 379 U.S. 961, 85 S.Ct. 651, 13 L.Ed.2d 556 (1965); *Allis–Chalmers Mfg. Co. v. Gulf & Western Industries*, 309 F.Supp. 75 (E.D. Wisc.1970); *Marquette Cement Mfg. Co. v. Andreas*, 239 F.Supp. 962 (S.D.N.Y.1965).

Since the put was not exercisable for one year after FMI's tender offer was complete, § 16(b) is clearly not applicable. The fact that an option had been granted to FMI does not *ipso facto* mean that a sale and purchase has taken place within the meaning of Rule 16(b). *See Silverman v. Landa*, 306 F.2d 422 (2d Cir.1962). This court is unpersuaded by plaintiff's argument that the present case is different in that the optionee was an insider. That argument fails to address the central issue, namely, whether the put was a "purchase and sale" within the meaning of § 16(b).

### N.Y.B.C.L. § 627

Since jurisdiction in this action is founded upon federal statutes, the defendants' request for the plaintiff to furnish security for the cost of litigation is denied. *Field-*

*ing v. Allen,* 181 F.2d 163 (2d Cir.1950), *cert. denied* 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600 (1950); *Hoover v. Allen,* 180 F.Supp. 263 (S.D.N.Y.1960).

*Conclusion*

In light of the foregoing, the defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 9(b) is denied. Defendant's motion to dismiss plaintiff's 10b–5 claim is also denied. The defendants' motion to dismiss the § 14(e) and § 16(b) claims is granted. The motion to dismiss the pendant state law claim is denied. The parties are directed to appear on February 21, 1989 at 10:00 A.M. for a pretrial conference.

SO ORDERED.