WILLIAM ISENSEE, Plaintiff, *v.* LONG ISLAND MOTION PICTURE Co., INC., et al., Defendants.

Supreme Court, Special Term, Queens County, March 29, 1945.

*Phillips, Nizer, Benjamin & Krim* for defendants.

*John P. McGrath* and *Abraham J. Multer* for plaintiff.

STEINBRINK, J. In this derivative stockholder's action the individual defendants who were successful at the trial as well as the corporation in whose right the action was maintained, seek varying forms of relief.

(1) The individual defendants proceeding under section 61-a of the General Corporation Law, apply for the assessment of " the reasonable expenses, including attorneys fees * * * upon the corporation in such amount as * * * [the] court shall determine and find to be reasonable in the circumstances * * *." The plaintiff opposes the application by reason of the fact that the attorneys who represented both the individual defendants and the corporate defendant have already been paid a substantial fee by the corporation. The court is not presently concerned with the propriety of any payments made by the corporation on its own behalf, for upon this application it is called upon only to determine the reasonable value of the legal services rendered to the successful individual defendants in their defense of the action.

From the moving affidavits it appears that the attorneys were retained by the individual defendants in April, 1939, at which time plaintiff was threatening suit. From then until the conclusion of the trial, almost six years later, legal services were continuously performed under the retainer. There were preliminary motions upon voluminous affidavits in which questions of law were raised. There was an examination before trial. There were investigations which required the examination of numerous books, records and documents, and the interrogation of witnesses. There were conferences among the parties in which the attorneys and accountants participated. Nine lawyers from the office of the defendants' attorneys took part in the preparation for trial. The issues covered transactions extending back many years. During the period of the retainer the principal attorney devoted some seven hundred hours to the case, while the attorneys assisting him devoted approximately twelve hundred hours to the case. The trial was protracted and involved the litigation of a number of complex issues. Upon the foregoing facts, and in view of the professional standing, experience and extreme competence of the attorneys, I find that the agreed counsel fee in the sum of $8,500 is reasonable in the circumstances, and that the amount thereof should be assessed upon the corporation.

(2) The corporation seeks to have taxed as costs against the plaintiff pursuant to section 61-b of the General Corporation Law " the reasonable expenses, including attorney's fees which * * * [it incurred] in connection with such action and by other parties defendant in connection therewith for which it may become subject pursuant to section sixty-one-a of this chapter * * * in such amount as the court having jurisdiction shall determine * * *." So far as pertinent, section

61-b provides as follows: " In any action instituted or maintained in the right of any * * * corporation by the holder or holders of less than five per centum of the outstanding shares of any class of such corporation's stock * * *, unless the shares * * * held by such holder or holders have a market value in excess of fifty thousand dollars, the corporation in whose right such action is brought shall be entitled ·* * * to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney's fees, which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which it may become subject pursuant to section sixty-one-a of this chapter, to which the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action.''

The plaintiff herein is the holder of more than 5% of the stock of the defendant corporation, and therefore was under no obligation to post security. It is contended in support of this application that he is nevertheless under a duty to reim-burse the corporation " for the reasonable expenses, including attorney's fees, which may be incurred by it in connection with such action and by the other parties defendant * * * for which it may become subject pursuant to section sixty-one-a * * *.'' The contention proceeds upon the view that the right to reimbursement from all unsuccessful plaintiffs, regardless of the extent or value of their stockholdings, is implicit in the statute, if the legislative intent is to be effectuated. It is argued that the legislation was designed to protect corporations against exposures to " reckless and irresponsible stockholders, who could without danger or financial risk to themselves, institute groundless actions charging fraud and mismanagement.'' It is said that the reason why small stockholders are required to post security, is because the successful defendant corporation has ready recourse against the fund represented by more substantial stockholdings. I cannot assent to this view. Stockholders' suits provide a wholesome remedy and often the only direct means of exposing mismanagement and corruption in the direction of corporate activities. In the absence of compelling language I cannot ascribe to the Legislature an intent to burden such remedy with restrictions more onerous than those applicable to actions generally. A fair reading of the statute discloses an intent not to discourage derivative stockholders' actions generally but to impose conditions designed to secure more substantial representation among complaining stockholders as some measure of insurance against the abuses

attending the maintenance of such actions by persons whose financial stake in the corporation is slight. The mischief against which the statute is directed, is the prosecution of so-called " strike suits " by irresponsible persons bent upon capitalization of a nuisance value. It is not the judicial function to question the legislative wisdom or even to suggest that the mischief may be dealt with by less restrictive means. (*Campbell* v. *City of New York*, 244 N. Y. 317; *Port Chester Wine & Liquor Shop, Inc.*, v. *Miller Bros.*, 253 App. Div. 188.)* If the statute is not in conflict with the Constitution, courts are obliged to carry out its mandate, regardless of any opinion they may have of its policy.

The statute must be construed so as to suppress the mischief and advance the remedy, and so construed it must be held to impose the duty of reimbursement only upon unsuccessful plaintiffs in stockholders' actions who hold less than 5% of the stock of the corporation unless their shares have a market value in excess of $50,000.

Defendants contend that such a construction would render the statute unconstitutional as providing for a distinction among stockholders which bears no reasonable relation to the object to be accomplished. I am mindful of the rule that where a statute is susceptible of two constructions, one of which will make it constitutional and the other unconstitutional, the former will be adopted. " There is no constitutional prohibition against class legislation as such if the classification is based on some reasonable ground, and is not essentially arbitrary." (*People* v. *Beakes Dairy Co.*, 222 N. Y. 416, 429.) The test is whether the classification rests " upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed * * *." (*Frost* v. *Corporation Commission*, 278 U. S. 515, 522–523.) The classification here reviewed, rests upon a presumed legislative finding that there are abuses attending the maintenance of actions by stockholders of the class designated which do not exist in the maintenance of actions by other stockholders. The statute is designed solely to attack those abuses, and its classification with that end in view, cannot be said to be arbitrary or capricious. The application under section 61-b is accordingly denied.

(3) The application of the corporation for an additional allowance pursuant to sections 1513 and 1514 of the Civil Practice Act, upon the ground that the case is difficult and extraordinary, is granted, without opposition.

---

* See *Wolf* v. *Atkinson*, 182 Misc. 675.— [REP.