Shapiro, Appellant, *v.* Magaziner.

Argued April 20, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

 reargument refused June 21, 1965.

*Michael H. Egnal,* with him *Egnal and Simons,* for appellant.

*William T. Coleman, Jr.,* with him *Stuart H. Savett,* and *Dilworth, Paxson, Kalish, Kohn & Dilks,* for appellees.

OPINION BY MR. JUSTICE COHEN, May 25, 1965:

This is an appeal from an order of the lower court in equity directing plaintiff-appellant to pay "costs

and reasonable counsel fees" incurred by defendant-appellees "if suit is commenced anew." The order was entered in connection with the granting of plaintiff-appellant's motion for a voluntary nonsuit of his shareholder's derivative action. The order must be modified to exclude the allowance of reasonable counsel fees.

" 'Over and over again we have decided there can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same . . .', Smith v. Equitable Trust Co., 215 Pa. 413, 417, 64 Atl. 591, 592 (1906), or clear agreement by the parties, Fidelity-Philadelphia Trust Company v. Philadelphia Transportation Company, 404 Pa. 541, 548, 173 A. 2d 109, 113 (1961), or some other established exception, see Hempstead v. Meadville Theological School, 286 Pa. 493, 134 Atl. 103 (1926)." *Corace v. Balint,* 418 Pa. 262, 271, 210 A. 2d 882, 886-7 (1965). Appellees contend that a statute supports the allowance of counsel fees in this case. Section 516 of the Business Corporation Law, added by the Act of August 27, 1963, P. L. 1355, §1, 15 P.S. §2852-516, to the Act of May 5, 1933, P. L. 364, 15 P.S. §2852-1 et seq., provides, inter alia: "B. In any such [derivative] suit[1] instituted or maintained by a holder or holders of less than five per centum of the outstanding shares of any class of such corporation . . . unless the shares . . . held by such holder or holders have a fair market value in excess of fifty thousand dollars ($50,-000), the corporation in whose right such action is brought shall be entitled at any stage of the proceedings, to require the plaintiff or plaintiffs to give se-

---

[1] Subsection A of §516 sets forth the type of derivative suit regulated by the section: ". . . any suit brought to enforce a secondary right on the part of one or more shareholders against any officer, or director, or former officer or director of a corporation, domestic or foreign, because such corporation refuses to enforce rights which may properly be asserted by it. . . ."

curity for the reasonable expenses, including attorneys' fees, which may be incurred by it in connection with such suit, and by the other parties defendant in connection therewith, for which it may become liable pursuant to subsection C of this section 516, to which security the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action.

"C. The reasonable expenses, including attorneys' fees, of any party defendant incurred in connection with the successful defense of such suit shall be assessed upon the corporation. . . . The amount of all such expenses so assessed shall be awarded as costs of the suit and be recoverable in the same manner as statutory taxable costs. . . ."[2]

Plaintiff-appellant owns more than five per centum of the outstanding shares of the defendant-appellee corporation. Accordingly, the corporation could not have required plaintiff to put up the security provided for in §516B. However, appellees contend that §516B is merely a *method* by which the corporation *may* secure and recover from a financially insecure plaintiff its own litigation expenses and those assessed against it under §516C. On the other hand, they contend that §516C, especially the last quoted sentence thereof, provides that a *corporation* may recover all such expenses from a losing *plaintiff,* irrespective of the size of latter's interest in the corporation. The argument must fail because it is not in accord with the language or the purposes of §516.

---

[2] When §516 was put into the Business Corporation Law in August of 1963 the Act of April 18, 1945, P. L. 253, as amended, was repealed. See Act of August 27, 1963, §2(16). Plaintiff instituted his suit before the repeal of the 1945 Act but the lower court's orders, which purportedly relied on that Act, was entered after its repeal. However, since §516 is identical to the Act of 1945 in respects material to the issue before us we need not deter-

Section 516C is derived from, and as material to this case is identical to, the now repealed §3 of the Act of April 18, 1945, P. L. 253, 12 P.S. §1323.[3] The latter was, in turn, based upon §61-a of the New York General Corporation Law, added by N.Y. Laws 1941 c.350.[4] The purpose of §516C and its precursors is "to encourage capable and responsible persons to become officers and directors and to reduce the hazard of an honest director's bearing personally the heavy expense of defending a suit." Hornstein, Directors' Expenses In Stockholders' Suits, 43 Colum. L. Rev. 301 (1943). Under §516C, this objective is attained by shifting the expenses of successful individual defendants *to the corporation not to the losing plaintiff.* With respect to the like provision of the New York General Corporation Law, the Court of Appeals of that State held: "The effect of that statute was to impose upon the *corpora-*

---

mine which of the Acts should have been applied by the lower court.

[3] It provided: "The reasonable expenses, including attorneys' fees, of any party defendant incurred in connection with the successful defense of such suit shall be assessed upon the corporation, or if any party defendant shall be successful in part only, or if such action shall be settled with the approval of the court having jurisdiction thereof, the reasonable costs, including attorneys' fees, of any such party defendant shall be assessed upon the corporation in such amount as the court shall determine and find to be reasonable in the circumstances. The amount of all such expenses so assessed shall be awarded as costs of the suit and be recoverable in the same manner as statutory taxable costs."

[4] It provided: "In any action, suit or proceeding against one or more officers or directors, or former officers or directors, of a corporation . . . brought in its behalf . . . by one or more stockholders . . . the reasonable expenses, including attorneys fees, of any party plaintiff or party defendant incurred in connection with the successful prosecution or defense of such action . . . shall be assessed upon the corporation . . .; and the amount of all such expenses so assessed shall be awarded as special costs of the action, suit or proceeding and recoverable in the same manner as statutory taxable costs."

*tion* the burden of paying the reasonable expenses . . . incurred by an officer or director who successfully defended himself against a charge of wrong to the corporation. *No additional burden was imposed by the statute upon any individual plaintiff or defendant."* (Emphasis partially supplied). *Shielcrawt v. Moffett,* 294 N.Y. 180, 61 N.E. 2d 435, 438 (1945). See also, Hornstein, Directors' Expenses In Stockholders' Suits, supra; Reader, Suits Against Corporations, 12 P.S. §§1221 to 1820, page 8 (1953). That part of §516C which directs that the expenses "so assessed [against the corporation] shall be awarded as costs . . . and be recoverable in the same manner as statutory taxable costs . . . ." merely provides the method by which the successful defendants recover from the corporation the amounts assessed against it. Hornstein, Directors' Expenses In Stockholders' Suits, supra, at pp. 304-305; Cf. Reader, Suits Against Corporations, supra. Accordingly, §516C in no way established a right in the corporation to recover from an unsuccessful plaintiff the "reasonable expenses, including attorneys' fees," directly incurred by the corporation or assessed against it under §516C in the type of shareholder's derivative action regulated by §516.

Section 516B, on the other hand, does permit such recovery—but only under the circumstances provided therein, viz., when the plaintiff or plaintiffs hold "less than five per centum of the outstanding shares of any class of such corporation . . . unless the shares . . . have a fair market value in excess of fifty thousand dollars . . ." and the corporation requires the plaintiff or plaintiffs to give security for such expenses. Section 516B was derived from, and as material to this case is identical to, the now repealed §2 of the Act of April 18, 1945, P. L. 253, as amended, 12 P.S. §1322.[5]

---

[5] It provided: "In any such suit instituted or maintained by holder or holders of less than five per centum of the outstanding

The latter was, in turn, based upon §61-b of the New York General Corporation Law, added by N. Y. Laws 1944, c. 668.[6] The purpose of §516B and its precursors is to prevent "strike suits"—shareholder derivative actions begun "with the hope of winning large attorney's fees or private settlements, and with no intention of benefiting the corporation on behalf of which suit is theoretically brought." Security For Expenses Legislation—Summary, Analysis, and Critique, 52 Colum. L. Rev. 267 (1952). See also *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 547-549 (1949). It was thought that such "strike suits" were usually brought by shareholders with only a small financial stake in the corporation and who, therefore, had little to lose by starting an action. However, it also was recognized, as Mr. Justice JACKSON observed in *Cohen*

---

shares of any class of such corporation's stock . . . the corporation in whose right such action is brought shall be entitled, at any stage of the proceedings, to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorneys' fees, which may be incurred by it in connection with such suit, and by the other parties defendant in connection therewith, for which it may become liable pursuant to section three of this act, to which security the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action."

[6] It provided: "In any action instituted or maintained in the right of any . . . corporation by the holder or holders of less than five per centum of the outstanding shares of any class of such corporation's stock . . . unless the shares . . . held . . . have a market value in excess of fifty thousand dollars, the corporation in whose right such action is brought shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney's fees, which may be incurred by it in connection with such action and by other parties defendant in connection therewith for which it may become subject pursuant to [§61-a] of this chapter, to which the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action."

*v. Beneficial Industrial Loan Corp.,* supra, at p. 548, that the shareholder's derivative suit is a "remedy born of stockholder helplessness . . . long the chief regulator of corporate management and has afforded no small incentive to avoid at least grosser forms of betrayal of stockholders' interests." Consistent with this background, the New York "security for expenses" legislation, followed by Pennsylvania and now embodied in §516B, was not intended to discourage derivative actions generally, a result which would follow if appellees were to prevail, but only to prevent "abuses attending the maintenance of such actions by persons whose financial stake in the corporation is slight." *Isensee v. Long Island Motion Picture Co.,* 54 N.Y.S. 2d 556, 559 (1945). Accordingly, the deterring burden of providing security from which the corporation may be reimbursed was imposed "only upon unsuccessful plaintiffs . . . who hold less than five percent of the stock of the corporation unless their shares have a market value in excess of $50,000". Id., at pp. 559-560, and not upon plaintiffs with an interest above that prescribed in §516B.[7]

Thus, because §516C does not provide a right in the corporation to recover "reasonable expenses, including attorneys' fees," from an unsuccessful plaintiff, and

---

[7] The general discussion of the "security for expenses" or "anti-strike suit" provisions in the following authorities leave no doubt about the matter: *Lapchak v. Baker,* 298 N.Y. 89, 80 N.E. 2d 751 (1948); *Cohen v. Beneficial Industrial Loan Corp.,* supra; *Murdock v. Follansbee Steel Corp.,* 213 F. 2d 570 (3d Cir. 1954); Security For Expenses Legislation—Summary, Analysis, and Critique, supra; Hornstein, New Aspects of Stockholders' Derivative Suits, 47 Colum. L. Rev. 1 (1947); Reader, Suits Against Corporations, supra, at p. 7. Indeed, it was this very disparity of treatment, based on the size of the stockholders' interest, that grounded an unsuccessful attack on the constitutionality of New Jersey's "security for expenses" provision in *Cohen v. Beneficial Industrial Loan Corp.,* supra.

286

because the corporation can recover such expenses under §516B only by having recourse to the security provided for therein, and because the plaintiff here had not been and could not be required to give such security, it necessarily follows that §516 does not support recovery of such expenses or fees from this plaintiff.

Appellees further contend that Pa. R. C. P. 2230(b), requiring approval of court before a voluntary nonsuit may be entered in a class action, gives the court the power to condition its approval as it did in the present case. Not only is this a non sequitur but also it overlooks the very different and inapposite purpose of Pa. R. C. P. 2230(b) which is to protect nonjoined members of the class from prejudicial and binding action by their representative. 3 Goodrich-Amram §2230(b)-1. Moreover, we would not unnecessarily construe a Rule of Civil Procedure in a way which would make it contradict an express statute on the same subject.

Appellees have failed to show any basis for the allowance of counsel fees as part of the "costs" that plaintiff may be required to pay under Pa. R. C. P. 231(a) and 1523 if he commences his suit anew. Accordingly, that part of the order which allows counsel fees must be vacated.

Order as modified affirmed. Costs on appellees.