## Goldenberg v. Press

*Michael M. Goss*, for plaintiffs.
*Joseph Robinson*, for defendants.

BODLEY, *J.*, October 28, 1977—In this equity action plaintiffs seek specific performance of certain covenants contained in a written lease for the rental of plaintiffs' dental office space within defendants' building, alleging that defendants have failed to maintain reasonable parking spaces for employes and patients of lessees; that they have failed to construct additional parking spaces required by plaintiffs; have allowed existing parking spaces to become deteriorated and difficult to use; and have failed to maintain the exterior of the building in good repair. Plaintiffs ask the court to compel defendants to specifically perform the covenants in the lease providing therefor. Plaintiffs also ask for monetary damages allegedly sustained by them as a result of defendants' failure to perform the said covenants and seek to recover attorney's fees as well.

Defendants have filed preliminary objections in

the nature of a motion to strike the pleading for lack of conformity in law in regard to the claim for attorney's fees, in the nature of a motion raising the question of jurisdiction on the ground that plaintiffs have an adequate remedy of law, and in the nature of a demurrer which is grounded upon defendants having failed to sign the final page of the printed form of lease. An answer to the preliminary objections has been filed and the matter is now before us under Bucks County Rule of Civil Procedure *266.

While equity will, in a proper case, exercise its jurisdiction to enforce specific performance of lease covenants, the violation of which are not adequately remediable in an action at law, we find no facts averred in the complaint before us which would indicate that an action for damages is not an adequate remedy. See 71 Am. Jur. 2d, Specific Performance, §149 (1973). As a general principle, equity will not compel specific performance of lease covenants which require continuing supervision by the court: 71 Am. Jur. 2d, Specific Performance, §149. Considering the facts pleaded by plaintiffs it is quite obvious that it would be most difficult if not impossible to determine just what are "reasonable parking spaces" at the moment, and just what might presently be considered to be maintenance of the building in "good condition." And what might be "reasonable" and "good" today may not be considered by plaintiffs to be so in the future. The court cannot be called upon to make such a determination, nor to monitor these matters in the future.

The case cited by plaintiffs in support of their position, stands for the proposition that equity has power to require specific performance when there is a continuing breach of contract in a lease situation where the public interest or public conveni-

ence is at stake: Edison Illuminating Co. v. Eastern Pa. Power Co., 253 Pa. 457, 98 Atl. 652 (1916). We are not here dealing with a public utility nor with public interest or convenience in a sense that it is examined in Edison. Hence, we find the case to be inapposite. An action in assumpsit is available to plaintiffs to recover such damages as might be provable growing out of the alleged breach of covenants referred to.

So far as plaintiffs' claim for counsel fees is concerned, it has consistently been held that there can be no recovery for counsel fees from the adverse party to a cause in the absence of an explicit statutory allowance of the same, or a clear agreement by the parties, or some other established exception: Shapiro v. Magaziner, 418 Pa. 278, 210 A. 2d 890 (1965); Chatham Communications, Inc. v. General Press Corp., 463 Pa. 292, 344 A. 2d 837 (1975). The claim for counsel fees here fits within none of the exceptions to the general rule.

There is no merit to defendants' demurrer. While it is true, as alleged, that the last page of the printed lease form contains the signatures of plaintiffs only, immediately above their signatures is the typed statement "A Rider dated on even date herewith is attached hereto and by this reference made a part hereof." The seven-page typewritten rider is inserted in the lease form immediately before the final printed page and the seventh and last page thereof has been signed by both plaintiffs and defendants. We hold that the lease has been properly executed by both parties to this action.

In view of the foregoing, we enter the following

ORDER

And now, October 28, 1977, defendants' prelimi-

nary objections in the nature of a motion raising the question of jurisdiction is sustained and the action is transferred to the law side of the court. The prayer for attorney's fees is stricken. The demurrer is overruled and dismissed. Leave is granted plaintiffs to file an amended complaint, in law, consistent with this opinion within 30 days of this date.