## Marcinkevich v. McHugh Brothers Crane Rentals, Inc.

*John E.V. Pieski,* for plaintiff.
*Michael J. Donahue,* for defendant.
*Paul DuFallo,* for additional defendant.

COTTONE, *J.,* July 24, 1980 — This case arises out of an injury incurred by the plaintiff, George Marcinkevich, while he was employed by the additional defendant, M. A. Hospador Steel Erectors, Inc. (Hospador). On March 13, 1978, the plaintiff was working at a construction site when he was struck by a boom pin which shot out suddenly from a crane which was being dismantled. He sustained injuries to his abdomen and body. At the time of the accident, the crane and boom, manufactured by defendant, American Hoist & Derrick Company

(American), was leased from defendant, McHugh Brothers Crane Rentals, Inc. (McHugh) and was allegedly under the direction of defendant, Jim Worley (Worley). This suit was instituted against defendants, American, McHugh and Worley, alleging negligence in the manufacture, maintenance and supervision of the equipment which caused Mr. Marcinkevich's injury. Defendants, McHugh and Worley, sought to join Hospador, plaintiff's employer, as an additional defendant to this action.

This action to join Hospador is based on a clause contained in the rental agreement dated March 13, 1978, which stated that,

"[l]essee assumes all responsibility for loss, damage and expense resulting from the operation of the above mentioned equipment either personal injury or property damage including damage or loss to the equipment leased hereby, unless such damage was caused by the sole negligence of the Lessor."

Hospador filed a preliminary objection in the nature of a demurrer alleging that, pursuant to the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 1974, Section 5, P.L. 782, No. 263, Section 6, 77 P.S. §481, the Pennsylvania legislature expressly precluded the joinder of an employer as an additional defendant in a suit brought by an employee against a third party.

The first issue raised in this matter is whether or not a demurrer is the proper manner to raise the defense of immunity. Although the more procedurally correct method of pleading the defense of immunity from suit is by way of answer and new matter, Pa. R.C.P. 1030, relying on our judicial discretion we will allow this defense to be raised by demurrer. We agree with the Court's reasoning in Callery v. Blythe Twp. Mun. Authority, 432 Pa. 307, 311, 243 A.2d

385, 387 (1968), where the affirmative defense of a statute of limitation was incorrectly raised by demurrer, that "nothing [would] be gained by sending the parties back to the trial court to set their procedural house in order before coming once again to [the] court with the identical controversy." We feel that an order to replead the defense of immunity in an Answer under new matter would be futile in this case, since it would merely delay the inevitable conclusion that the employer here is immuned to suit. Accordingly, we will allow this defense to be raised by a demurrer.

The second issue raised here is whether plaintiff's employer may be joined as an additional defendant. In support of their contention that Hospador should be joined as an additional defendant, the original defendants rely on Pa. R.C.P. 2252 and §481(b) of the Workmen's Compensation Act. In absence of §481(b), it appears that the circumstances of the case at bar would permit a joinder of the plaintiff's employer as an additional defendant pursuant to Pa. R.C.P. 2252(a), since the original defendants' cause of action arises out of the "same transactions or occurrence . . . upon which the plaintiff's cause of action is based." However, the 1974 amendment to the Workmen's Compensation Act precludes such a joinder.

Section 481(b) of the Workmen's Compensation Act provides that the act's remedy against the employer is exclusive of all other actions. However, there is one exception to this rule which the defendants, McHugh and Worley, claim is applicable here. The statute states that the act's remedy against the employer is exclusive of all other actions, unless the parties enter into a written contract expressly providing for such liability "prior to the

date of the occurrence which gave rise to the action."

In the case at bar, we are dealing with a contract which was signed and dated on March 13, 1978, and an accident which occurred on the same day. Therefore, the contract did not exist prior to the date of the occurrence of the accident. A strict interpretation of this particular provision leaves no other result than to sustain the additional defendant's demurrer to immunity to suit and to dismiss the action against M. A. Hospador Steel Erectors, Inc.

The Pennsylvania Supreme Court has made it clear that the legislative intent of this statute was to grant total immunity to the employer from third-party actions and to provide for an exclusive remedy under this Act to the employee from the employer. Hefferin v. Stempkowski, 247 Pa. Super. 366, 372 A.2d 869 (1977).

Pursuant to Pa. R.C.P. 2252(a), the original defendants are procedurally correct in joining Hospador. Nevertheless, as the plaintiff's employer, Hospador, in light of Section 481(b), has a meritorious defense of immunity to suit. Our courts should not unnecessarily construe a rule of civil procedure in a way which would make it contradict an express statute on the same subject. See Shapiro v. Magaziner, 418 Pa. 278, 210 A.2d 890 (1965). Thus, we conclude that the additional defendant, Hospador, should be dismissed from the case at bar.

## ORDER

Now, this July 24, 1980, it is hereby ordered that defendants' preliminary objections are hereby sustained and M. A. Hospador Steel Erectors, Inc. is dismissed as an additional defendant.