## Commonwealth v. Angelo

*James F. Marsh, District Attorney,* for Commonwealth.

*Thomas A. Natishyn, Public Defender,* for defendant.

WILLIAMS, *S.J.,* January 6, 1981—We have been requested by defendant, John R. Angelo, to determine the amount of restitution he is required to make to United Penn Bank as a result of his criminal activity. The issue is partly factual and partly one of law. After full hearing on the matter, we are of the opinion and so find that the loss sustained by the United Penn Bank, exclusive of coun-

sel fees, is $9,482.81. The United Penn Bank has expended $1,746.82 for counsel fees and we must determine if defendant is liable to make restitution of these fees.

The Crimes Code, 18 Pa.C.S.A. §1321(c), Restitution, provides: "In addition to the alternatives set forth in subsection (a) of this section, the court may order the defendant to compensate the victim of his criminal conduct for the damage or injury he has sustained." Thus the sentence code offers no enlightment on the precise issue before us.

In Chatham Communications, Inc. v. Gen. Press Corp., 463 Pa. 292, 300, 301, 344 A. 2d 837 (1975), the Supreme Court stated:

"""Over and over again we have decided there can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same. . . .", Smith v. Equitable Trust Co., 215 Pa. 413, 417, 64 A. 591, 592 (1906), or clear agreement by the parties, Fidelity-Philadelphia Trust Company v. Philadelphia Transportation Company, 404 Pa. 541, 548, 173 A. 2d 109, 113 (1961), or some other established exception, see Hempstead v. Meadville Theological School, 286 Pa. 493, 134 A. 103, 49 A.L.R. 1145 (1926).' Shapiro v. Magaziner, 418 Pa. 278, 280, 210 A. 2d 890, 892 (1965). Corace v. Balint, 418 Pa. 262, 271, 210 A. 2d 882, 886-7 (1965)."

In the absence of express statutory authority or Pennsylvania Supreme Court rule allowing restitution of counsel fees, we feel we are mandated to apply the rule as stated in Chatham, supra, to the issue before us and deny restitution of counsel fees.

## ORDER

And now, January 6, 1981, the court hereby fixes

the amount of restitution at the sum of $9,482.81 and directs defendant to make restitution in that amount.