485 A.2d 809

Abraham FISCHER and Mae Fischer, his wife, Marjorie Garfield, Irene B. Klein, Aaron Paull and Mary Paull, his wife, Alan P. West and Hallye A. West, his wife, and All Persons Similarly Situated

v.

Harry K. MADWAY, Sam Madway, Ralph K. Madway and Jacob Margolis, Individually & Trading as Madway Engineers and Constructors, a/k/a Green Hill in Lower Merion; Madway Engineers and Constructors, a/k/a Green Hill in Lower Merion; David Altman, Morris Ockman, Daniel J. Keating, Jr. and Herman Shore, Co-Partners Trading as Green Hill Limited Partnership; Robert S. Blank and Jeffrey C. Blank, Co-Partners Trading as CDR Green Hill and CDR Green Hill, a Limited Partnership.

Appeal of Samuel SOBLE, Joseph E. Biben, William Packel, Michael Fagan, Eli A. Levy, Henrietta F. Ritt, David M. Levy, Helen M. Rosen, Ruth Karabell, Doris L. Brenner Sostman and Bess Hoffman.

Superior Court of Pennsylvania.

Argued May 8, 1984.

Filed Dec. 14, 1984.

Jack M. Bernard, Philadelphia, for appellants.

Stanley A. Uhr, Philadelphia, for Fischer, etc., appellees.

Richard M. Rosenbleeth, Philadelphia, for Madway, etc., appellees.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

In this appeal from an order approving settlement of a class action, eleven objectors [1] contend (1) that the notice of the proposed settlement contained inadequate information, and (2) that the trial court abused its discretion by approving the proposed settlement. We find no merit in these contentions and, accordingly, affirm the order of the trial court.

Plaintiffs,[2] representing a class consisting of present and former tenants of Green Hill, a luxury apartment complex in Lower Merion Township, Montgomery County, filed a

---

1. The objectors who have appealed include Samuel Soble, Joseph E. Biben, William Packel, Michael Fagan, Eli A. Levy, Henrietta F. Ritt, David M. Levy, Helen M. Rosen, Ruth Karabell, Doris L. Brenner Sostman and Bess Hoffman. Three additional objectors have chosen not to appeal.

2. Plaintiffs were Abraham and Mae Fischer, Marjorie Garfield, Irene B. Klein, Aaron and Mary Paull, and Allen and Hallye West.

complaint in equity challenging the validity of an "unlimited addendum" and a "limited addendum" to leases signed by tenants. These addenda were described by the trial court as follows:

Starting with lease terms commencing or being renewed on or about October 1, 1969, all Green Hill residential leases had as a part of them the so-called "unlimited addendum" under which the tenant agreed, *inter alia*, to pay as additional rent his proportionate share in the increases in operating, leasing, administrative, tax and insurance costs (as defined in the addendum) which were actually incurred at Green Hill during the then current year in excess of the amount for these items which was expended during a previous, designated base year. Starting in or about the summer of 1973, Green Hill discontinued the use of the so-called "unlimited addendum," and began incorporating into new leases and lease renewals as they were made a so-called "limited addendum." The "limited addendum" worked in essentially the same manner as the "unlimited addendum," except that it only provided for the passing through to the tenant the proportionate share of the increases in the costs of insurance, taxes and utilities, as defined in the addendum.

Memorandum Opinion accompanying order dated July 22, 1982, at p. 4 (per Vogel, J.). The complaint requested the court to declare the addenda void as contracts of adhesion and to order the defendants to return all monies collected pursuant thereto.[3] Pursuant to stipulation, on August 8, 1980, the court entered an order which permitted plaintiffs' attorney and his selected accountant to inspect and audit the financial records of Green Hill to determine the costs which had been passed on to the tenants pursuant to the addenda. The agreed order also contained provisions safeguarding confidentiality. Plaintiffs' attorneys and account-

3. The court approved a stipulation on October 29, 1975 which stated that defendants could not evict any tenant for failure to pay addenda charges. It further ordered, on February 7, 1977, that defendants keep a yearly accounting of all addendum payments made by tenants while the class action was pending.

ants, upon penalty of a heavy fine, were forbidden from disclosing, even to their clients, information obtained from Green Hill's books.

After the class had been certified, the court was requested to approve a settlement for $142,500.00, with counsel fees and legal costs in the amount of $35,000.00. The settlement balance was to be held in escrow and distributed proportionately to members of the class. The court directed that notice of the proposed settlement be sent to all members of the class at their last known addresses. Notice was also directed to be published in the *Philadelphia Inquirer* and the *Main Line Times* at least four weeks prior to a scheduled hearing on the settlement petition. The notice included the nature of the class action, a description of the class and a synopsis of the proceeding. It also contained an outline of the proposed settlement, the date and place of the court hearing thereon, a statement that members of the class could examine all papers, a copy of the settlement agreement, and a copy of the proposed court order approving settlement in the offices of plaintiffs' counsel. Finally, the notice explained that a member of the class could "opt-out" upon written request. The appellants contend that the notice was inadequate because it failed to include an estimate of the maximum recovery possible in the event the action were successfully concluded. We disagree.

Notice in a class suit must present a fair recital of the subject matter and proposed terms and inform the class members of an opportunity to be heard. *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1177 (9th Cir.1977). See also: *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). It "may consist of a very general description of the proposed settlement, including a summary of the monetary or other benefits that the class would receive and an estimation of attorneys' fees and other expenses." *Grunin .v. Interna-*

*tional House of Pancakes,* 513 F.2d 114, 122 (8th Cir.), *cert. denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975). The notice need not provide a complete source of settlement information, and class members are not expected to rely upon the notices as such. *Maher v. Zapata Corp.,* 714 F.2d 436, 452 (5th Cir.1983); *Grunin v. International House of Pancakes, supra* at 122.

■■■ We hold, therefore, that a settlement notice is not rendered inadequate merely because it does not contain an estimate of the maximum damages potentially recoverable. See: *In re Armored Car Antitrust Litigation,* 472 F.Supp. 1357, 1379 (N.D.Ga.1979), *modified on other grounds,* 645 F.2d 488 (5th Cir.1981). It is enough that the notice contain facts sufficient to alert interested persons to the terms of the proposed settlement and also the means by which further inquiry can be made and objection recorded. *Maher v. Zapata Corp., supra* at 451. In the instant case, the objectors not only received notice of the proposed settlement but did, in fact, appear at the time of hearing to oppose the tendered settlement.

■■■ We have also considered, but have rejected, appellants' argument that due process considerations required that the notice contain the aggregate amount of moneys paid by tenants pursuant to the addenda. There is no merit in this argument. Moreover, in this case the settlement hearing was continued for a three week period during which the objectors could have sought additional information. During that period they did not attempt to discover or otherwise ascertain the aggregate amount paid by the tenants, nor did they ask the trial court to modify its order of confidentiality with respect to Green Hill's records.

■■■ Appellants argue that the court's approval of the settlement was an abuse of discretion because the record does not disclose that the court was aware of the total

amount of moneys collected from tenants by Green Hill pursuant to the several lease addenda. Although this amount was not disclosed in open court, the record discloses that it was made known to the court during a pre-hearing, in camera proceeding. During the settlement hearing, plaintiffs' counsel addressed the court, on the record, as follows: "With regard to the amount recoverable, your Honor has been made aware of the figures in this matter. All of this has been done in camera because of the Order of the Court for confidentiality for good and valid purposes." N.T. September 22, 1982, at p. 43. It was estimated during the public hearing that the settlement would produce for the tenants approximately ten percent of their addenda payments. Although it is better procedure to produce all evidence in open court where it will be made part of the record, it appears that the trial court in the instant case was possessed of sufficient information to permit an educated and intelligent decision on the reasonableness of the recommended settlement.

In *Buchanan v. Century Federal Savings and Loan Association,* 259 Pa.Super. 37, 393 A.2d 704 (1978), this Court said:

> Pa.R.C.P. No. 2230(b) [4] ... provides that "[a]n action brought on behalf of a class shall not be dismissed, discontinued, or compromised nor shall a voluntary nonsuit be entered therein without the approval of the court in which the action is pending." This rule is designed to protect absent class members "from prejudicial and binding action by their representative." *Shapiro v. Magaziner,* 418 Pa. 278, 286, 210 A.2d 890, 895 (1965). Prior to approving a class settlement, a [hearing] court must conclude that it is fair and reasonable and adequately protects the members of the class. Although there is no

4. Pa.R.C.P. 2230 was rescinded on June 30, 1977, effective September 1, 1977, and was replaced by Pa.R.C.P. 1714(a). Rule 2230 applies to the instant case, however, since the class action was instituted in 1975. See: *Scott v. Adal Corp.,* 276 Pa.Super. 459, 464, 419 A.2d 548, 551 (1980).

formula for making such a determination, the criteria heretofore employed by the courts include evaluations of (1) the risks of establishing liability and damages, (2) the range of reasonableness of the settlement in light of the best possible recovery, (3) the range of reasonableness of the settlement in light of all the attendant risks of litigation, (4) the complexity, expense and likely duration of the litigation, (5) the stage of the proceedings and the amount of discovery completed, (6) the recommendations of competent counsel, and (7) the reaction of the class to the settlement. In effect the court should conclude that the settlement secures an adequate advantage for the class in return for the surrender of litigation rights. As with valuation problems in general, there will usually be a difference of opinion as to the appropriate value of a settlement. For this reason, judges should analyze a settlement in terms of a "range of reasonableness" and should generally refuse to substitute their business judgment for that of the proponents.

The question on appeal from an order approving or disapproving a class settlement is whether the [hearing] court abused its discretion in reaching its decision.

*Id..* 259 Pa.Superior Ct. at 46–47, 393 A.2d at 708–709 (citation omitted) (footnotes omitted and added).

■ In most cases, a very significant factor to be considered in determining whether a settlement is reasonable is the risk in proving liability and/or damages. *Buchanan v. Century Federal Savings and Loan Association, supra,* 259 Pa.Superior Ct. at 50, 393 A.2d at 711; *Parker v. Anderson,* 667 F.2d 1204, 1209 (5th Cir.), *cert. denied,* 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982). In determining the likelihood of success, the hearing court should not attempt to resolve unsettled issues or legal principles but should attempt only to estimate the reasonable probability of success. *Buchanan v. Century Federal Savings and Loan Association, supra* 259 Pa.Super. at 49, 393 A.2d at 710.

Here, the trial court correctly observed that plaintiffs, as they conceded, were attempting to "break new ground" when they attempted to avoid the several addenda on grounds that they were contracts of adhesion. In the past, courts have been willing to strike down terms of leases on grounds that they are adhesive only where a tenant has been relatively powerless to bargain for more favorable terms. See, e.g., *Galligan v. Arovitch*, 421 Pa. 301, 219 A.2d 463 (1966) (plurality opinion); *Fair v. Negley*, 257 Pa.Super. 50, 390 A.2d 240 (1978). The probability of success in this case was not great. The leases were for luxury apartments. The tenants did not lack bargaining power. Many other leasehold estates were available without "additional rent" clauses applicable to escalating taxes and costs. Thus, even though the amount proposed in settlement represented only a fraction of the potential recovery, it cannot be said that the settlement was unreasonable, in light of the dim prospects for success. See: *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 & n. 2 (2d Cir.1974) (any fraction of potential recovery may, in a given case, constitute a reasonable settlement); *In re Armored Car Antitrust Litigation, supra* at 1373 (same).

It is relevant also that only fourteen of a class of approximately 1000 members chose to object to the proposed settlement while almost 800 opted to accept and participate. Even more importantly, plaintiffs' counsel, who had litigated the action for seven years, urged strongly that the settlement was fair, adequate and reasonable and recommended approval. The opinion of experienced counsel is entitled to considerable weight. *Buchanan v. Century Federal Savings and Loan Association, supra* 259 Pa.Super. at 56 n. 21, 393 A.2d at 714 n. 21. See also: *Entin v. Barg*, 412 F.Supp. 508, 515 (E.D.Pa.1976).

For all of these reasons, we conclude that the learned trial judge did not abuse his discretion in approving the proposed settlement.

Order affirmed.